## DUPUY v
## YOUNGSTOWN MUNICIPAL RY CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2376.   Decided June 9, 1937

W. L. Countryman, Youngstown, for appellant.

Harrington, Huxley & Smith, Youngstown, for appellee.

## OPINION

By CARTER, J.

This cause is in this court on questions of law.  The record discloses that about three o'clock in the morning of September 30, 1933, the unconscious body of Alice Michel was found lying on the pavement of a hill side street in the village of Poland. A short distance therefrom stood an automobile she had been driving, showing evidence of its having come in contact with the curb along the easterly side of the road.  The crash awakened some of the people in the neighborhood and she was rescued from the street in this unconscious condition, taken to the hospital, became conscious apparently for some little time on the following Thursday and relapsed into unconsciousness and died the following Wednesday.  It is apparent that her injury was caused by reason of the fact that her automobile came in contact with the curb and possibly other objects along

the highway. No one was with her at the time and no one saw it happen. The place where she was found is in a curve part way down the hill, along the right hand or easterly side of Main Street in Poland Village. In this location the street extends northerly and at a downward grade for considerable distance. Approaching this place from the south the street makes a sharp curve to the left. The street was paved with brick, with a considerable crown extending from the center to the curbs along either side of it. At the time of the accident the record discloses there was a street car track with two rails extending through the middle of the street, which belonged to the defendant company. The track was out of use, the defendant not having run cars over it for some two years prior to the accident. The evidence discloses that these rails from the bottom of the hill and extending through the curve were of the type which had flanges on the edges, and there was some evidence in the record that these flanges projected above the surrounding pavement for something like an inch. There is some evidence in the record to the effect that the village council had ordered the rails removed.

Mr. Michel, husband of the deceased, was called from his work at the time she was taken to the hospital, and remained with her until the following Saturday. He testified that he was at the bedside of his wife when she first became conscious, and attempted to testify as to what his wife told him when she first became conscious, as to how the accident occurred. The trial court refused to permit him to give this testimony, this being the only evidence available which disclosed the cause and manner of the accident and the death of the deceased. Motion was made at the conclusion of the plaintiff's evidence to instruct the jury to return a verdict in favor of the defendant. The court, in passing on the motion, held:

"Motion sustained and upon the point that the statement of the decedent was simply narrative and not spontaneous; active or passive negligence is not proven, and therefore the court directs a verdict for the defendant."

It is the contention of the plaintiff that this was competent testimony and it was error on the part of the court to exclude it. The evidence in the record discloses that this was the first time deceased recovered consciousness after the accident.

Michel testified that when he got to the hospital he found his wife in an unconscious condition and that she remained in the hospital for seven days; that he stayed with her from Wednesday until Saturday, and that she regained consciousness Thursday morning; that he was with her when she regained consciousness; that she was in bed in a ward; that he was beside her; that he went into the ward and sat down on a chair opposite the bed and put his hands on her hand. In a few moments she kind of moved and looked around. He testified, "I put my hand on her shoulder and in a few moments she kind of opened her eyes and looked around and moved a little bit, and she says 'Is that you, Charlie'"; that that was the first thing she said when she regained consciousness, and that he told her in the affirmative: "I asked her how she felt. She said 'Pretty good'." The following question was propounded by plaintiff's counsel:

"Q. Will you tell us what, if anything, else was said at that immediate time?

A. She says that the rail on the Poland car tracks caught my wheel and throwed me into the curb."

Now, the rigid common law rule as to contemporaneous spontaneousness has been somewhat relaxed in this country. To this effect see Jones on Evidence, Second Edition, Vol. 3, p. 2206, wherein the author states:

"Declarations shortly after occurrence; tendency of rule. There is a large class of cases, the facts of which reveal neither declarations coincident or integral with the principal occurrence, nor declarations so remote therefrom as to constitute dispassionate narration of past history, but it may be classed on the facts as somewhere between these extremes. The trend of the decisions is unquestionably toward relaxation of the strictness of the view at one time current as to what constitutes contemporaneousness."

In the case of Travelers Insurance Company v Mosely, 8 Wall. U. S. 397; 19 L. Ed. 437, the court say; among other things:

"The tendency of recent adjudications is to extend rather than to narrow the scope of the doctrine. Rightly guarded in its practical application, there is no principle in the law of evidence more safe in its results. There is none which rests

on a more solid basis of reason and authority."

In line with this holding of the United States Supreme Court is found the following:

Rd. Co. v Kovatch, 120 Oh St 532;

Taylor v Industrial Commission, 13 Oh Ap 262;

State of Ohio v Lasecki, 90 Oh St 11;

Haubrick v Lamping, 20 Oh Ap 307, (4 Abs 270);

Allen v Ind. Com., 26 N.P. (N.S.) 179; affirmed by Court of Appeals without report.

In the light of the evidence as disclosed by the record, and in the light of the fact that courts in recent times ▉▉▉▉▉▉ ▉ throughout the United States and in this state have to some extent relaxed some of the rigors of the common law relative to the applicability of the res gestae doctrine, we are of opinion that this testimony was competent. We are aware that some courts of this state have held to the contrary. However, we believe that in so holding we are following the greater weight of authority. However, we have another matter to determine, was the court in error in directing a verdict for defendant on the theory that there was no evidence of active or passive negligence on the part of the defendant, and if this conclusion of the trial court be correct, a directed verdict was proper.

Assuming that the statement of deceased to her husband is a part of the record, under the evidence does the plaintiff have a right to recover in this case, or, in other words, was there any evidence of negligence on the part of defendant which proximately produced decedent's death? No witness observed this accident. It occurred at three o'clock in the morning. No witness testified that the tracks in question where this occurred were out of repair, defective or not constructed properly originally. In fact, the rails were laid prior to the paving of the street. True, the testimony on behalf of plaintiff was to the effect that the flanges were about one inch above the surface of the street, over which vehicular traffic passed. However, there is no evidence that these rails or flanges were improperly laid or improperly maintained. This court is unable to say, with the meager evidence before it, as found in this record, that the track in question was not properly constructed and maintained. Had there been some evidence of improper construction or maintenance, by witnesses competent to testify upon that subject, a different question would be presented to the court. The record is bare of any such testimony. We ▉▉▉▉▉▉ ▉ therefore conclude that the trial court was not in error when he held that no active or passive negligence on the part of the defendant had been established. These rails were placed there by permission, and, as said by the court in the case of Mingo Junction v Scheline, 130 Oh St 34:

"Certainly what the law sanctions ▉▉▉▉▉▉ ▉ tions can not be said to be a public nuisance."

There is another matter which deserves some consideration. Contributory negligence was not pleaded. However, if the evidence raises that issue, it ▉▉▉▉▉▉ ▉ is an issue in the case even though not pleaded. We have read the record as to what was discovered immediately after the accident. It had been raining at the time and the pavement was wet. The car which decedent was driving came into contact with the curb at her right, thence against a large stone step, thence into a large tree and from thence into the street, it being about forty feet from where her car had hit the curb to the tree. A heavy stone step was knocked some twenty-five or thirty feet from the position which it occupied. The tree was badly gouged, the automobile badly damaged, the engine being driven up around the front seat. The front seat and door broke. One of the plaintiff's witnesses also testified that the crash was very loud so it awakened him from sleep. To the writer of this opinion, in view of this evidence, assuming the defendant company was negligent, a presumption of contributory negligence was raised from the evidence offered on behalf of plaintiff, which was in no way rebutted. Decedent, from the evidence as disclosed from the ▉▉▉▉▉▉ ▉ record, must have been driving at a rapid rate of speed at the time and place when the street was wet. The court properly directed a verdict at the conclusion of the plaintiff's testimony. Judgment of the lower court affirmed.

ROBERTS and NICHOLS, JJ, concur.